By the Court.
The court of common pleas improperly ordered that the defendants should be restrained from certifying to the secretary of state that they were unable to agree concerning the validity of the certificates and nomination papers which had been filed with them and from making any certificate whatever 'in relation to the certificate filed by J. D. Houston, chairman, and J. W. Gr'albreath, secretary; and likewise erred in commanding the defendants to cause the names appearing on the said certificate filed by Houston and Ualbreath to be printed on the official ballot. This Houston certificate could not be “deemed valid” within the meaning of section 2966-23, Revised Statutes, if objections were duly made in writing within five days after the filing of the certificate. The statute does not prescribe the form of such objections; but it does require that they shall be in writing. The filing on the •same day of another certificate of nominations for the same offices, to which objections were afterwards formally filed by Houston and Gralbreath, necessarily operated as objections in writing to the Houston certificate; because section 2966-18, Revised Statutes, provides that, “any convention representing a political party * * * may make one nomination for ■each office to be filled at the following election,” and there being in this instance two certificates, each claiming to represent the republican party, each ex necessitate disputes the regularity and authority of the other and therefore operates as a protest against *85 the other. Hence the Houston certificate could not he deemed valid for the reason that there had not been filed an objection to it in writing. When the defendants failed to agree upon a decision of this controversy, it was their plain statutory duty to certify that fact to the secretary of state, and in our opinion there was no warrant in law for interfering with that duty by the intervention of the court of common pleas. See Chapman v. Miller et al., 52 Ohio St., 166; Randall et al. v. State, 64 Ohio St., 57.
The demurrer to the answer will be sustained and the prayer of the relator for a peremptory writ of mandamus will be granted.

Writ allowed.

Spear, C. J., Davis, Shauck, Price and Crew, JJ., concur.
' Summers, J., absent.